# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

JOHN ZELLERS

Defendant.

Case Number 06-CR-808-1

RECEIVED JAN 26 2009 AT 8:30 WILLIAM T. WALSH CLERK

### JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, JOHN ZELLERS, was represented by W. Les Hartman.

The defendant admitted guilt to violation numbers 1 and 2 as stated on the violation petition. Accordingly, the court has adjudicated that the defendant is guilty of the following violations:

| Violation Number | Nature of Violation |
|---|---|
| 1 | 'Committed another crime' |
| 2 | 'Alcohol/Narcotic use' |

The defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances. Unless modified by this judgment, all fines, restitution, costs, and special assessments previously imposed in the judgment filed on 1/9/07 remain in full force and effect, if not already paid.

Signed this the 26 Day of January, 2009.

GARRETT E. BROWN, JR.
Chief United States District Judge

Defendant's SSN:
Defendant's Date of Birth:
Defendant's address:

Judgment – Page 2 of 4

Defendant:     JOHN ZELLERS
Case Number:   06-CR-808-1

## IMPRISONMENT

It is ordered and adjudged that the previously imposed term of supervised release is revoked and the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 5 months with direct designation by the U.S. Bureau of Prisons to a community corrections center with full pre-release and weekend privileges.

The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment related to any other state or federal sentence.

The defendant shall surrender for service of sentence at the community corrections center designated by the Bureau of Prisons upon designation.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: JOHN ZELLERS
Case Number: 06-CR-808-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant is to be confined to his residence for a period of 5 months commencing upon release from the community corrections center. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.18 per day.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

It is also ordered that the Court imposed fine of $3,500 as ordered on 1/9/07 shall remain in full effect. The defendant is to be given credit for any fine previously paid. Payments should be made payable to U.S. Courts and forwarded to the Clerk of the Court in Trenton, NJ.

The fine is due immediately. In the event the entire fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $150, to commence 30 days after release from confinement.

Defendant: JOHN ZELLERS
Case Number: 06-CR-808-1

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____    _____
                    Defendant                                          Date

_____    _____
U.S. Probation Officer/Designated Witness      Date